**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **Paul Hence**, an Arizona resident,<br><br>Plaintiff,<br><br>v.<br><br>**Catalytic Products International, Inc.,** an Illinois Corporation,<br><br>Defendant. | **Case No.**<br><br>**Honorable Judge:**<br><br>**(Jury Trial Requested)** |

**VERIFIED COMPLAINT**

Plaintiff Paul Hence, by and through his undersigned counsel of record, for his Verified Complaint against Defendant Catalytic Products International, Inc., hereby alleges as follows:

**NATURE OF THE CASE**

1. Plaintiff brings this action against Defendant for its unlawful failure to pay Plaintiff overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages and statutory penalties resulting from the Defendant's violations of the FLSA.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because Defendant is incorporated and resides in the State of Illinois within this District.

## PARTIES

5. Plaintiff Paul Hence currently resides in the State of Arizona.

6. Defendant Catalytic Products International, Inc., is an Illinois Corporation, authorized to do business in Illinois, and was Plaintiff's employer as defined by 29 U.S.C. § 203(d).

7. Plaintiff was a full-time, non-exempt employee of Defendant from in or around September 2007 until on or about June 2016.

8. At all relevant times, Plaintiff was an employee of the Defendant as defined by 29 U.S.C. § 203(e)(1) and performed the job duties of a non-exempt employee under 29 C.R.F. §213(a)(1).

9. At all relevant times, Defendant has been engaged in interstate commerce and has been an enterprise whose gross annual volume of sales made or business done is greater than $500,000.

## FACTUAL ALLEGATIONS

10. Defendant Catalytic Products International, Inc. is an energy company that provides industrial air pollution control solutions.

11. On or around September 2007, Plaintiff began employment with Defendant as a service technician, generally performing equipment maintenance, repairs, and troubleshooting.

12. For example, Plaintiff's job duties included tasks such as: providing telephone support and troubleshooting of systems in operation in the field, site repairs and equipment maintenance, assisting management in AutoCad drawings, heavy lifting of equipment in the field, and other simple tasks assigned to him by management.

13. Upon hiring Plaintiff, Defendant provided Plaintiff with memorandum detailing the job duties of a service technician. The memorandum expressly states the service technicians are classified as "non-exempt" employees. A copy of said memorandum is attached as Exhibit A.

14. Plaintiff does not have a college degree or any advanced vocational degrees or training.

15. Plaintiff's primary duty was not the management of Defendant.

16. Plaintiff did not customarily and/or regularly direct work of two or more employees.

17. Plaintiff did not have the authority to hire or fire other employees.

18. Despite the fact that Plaintiff's job duties correlate with those of an hourly, non-exempt employee and the fact that Defendant provided Plaintiff with a memorandum indicating the Plaintiff's job position would be an hourly, non-exempt employee, Defendant paid Plaintiff a salary as an exempt employee.

19. From September 2007 until September 2008, Plaintiff was paid an annual salary of $36,000.

20. From September 2008 until September 2009, Plaintiff was paid an annual salary of $38,000.

21. From September 2009 until September 2010, Plaintiff was paid an annual salary of $42,000.

22. From September 2010 until September 2011, Plaintiff was paid an annual salary of $50,000.

23. From September 2011 until September 2012, Plaintiff was paid an annual salary of $55,000.

24. From September 2012 until September 2013, Plaintiff was paid an annual salary of $60,000.

25. From September 2013 until September 2014, Plaintiff was paid an annual salary of $65,000.

26. From September 2014 until his termination in June 2016, Plaintiff was paid an annual salary of $73,000.

27. At all relevant time during Plaintiff's employment, Defendant failed to properly compensate Plaintiff for his overtime hours.

28. Plaintiff routinely worked in excess of 40 hours per week, and was not provided with the required one and one-half times pay premium as required by the FLSA for his overtime hours.

29. Defendant was aware that Plaintiff's working hours routinely exceeded 40 hours, and required him to work overtime as a condition of his employment.

30. Plaintiff routinely worked in excess of 60 hours per week and was not paid the premium one and one-half times his regular rate as required under the FLSA for hours worked over 40 hours in a workweek.

31. For example, the workweek of February 9, 2015 – February 15, 2015, Plaintiff worked 61 hours and was not provided any overtime pay.

32. Defendant wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked, a pattern and practice that persisted throughout Plaintiff's employment.

33. Defendant refused and/or failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

34. Defendant's failure and/or refusal to compensate Plaintiff at the rates and amounts required by the FLSA was willful.

**COUNT I**
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

35. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

36. At all relevant times, Plaintiff was employed by Defendant within the meaning of the FLSA.

37. At all relevant times, Plaintiff's job duties were that of a non-exempt employee entitled to the statutorily mandated overtime wage.

38. Defendant has intentionally failed and/or refused to pay Plaintiff overtime according to the provisions of the FLSA.

39. As a direct result of Defendant's violations of the FLSA, Plaintiff has suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

40. Under 29 U.S.C. § 216 Defendant is liable to Plaintiff for an amount equal to one and one-half times their regular pay rate for each hour of overtime worked per week.

41. In addition to the amount of unpaid wages owed to Plaintiff, he is entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

42. Defendant's actions in failing to compensate Plaintiff, in violation of the FLSA, were willful. Defendant knew Plaintiff was working overtime but failed to pay proper overtime wages. Defendant had no reason to believe their failure to pay overtime was not a violation of the FLSA.

43. Defendant has not made a good faith effort to comply with the FLSA.

44. Plaintiff is also entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

## CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays:

A. For the Court to declare and find that the Defendant committed one or more of the following acts:

i. violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing

to pay overtime wages;

ii. willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiff's reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: August 1, 2016

Respectfully submitted,

FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC

By: /s/ Kevin P. Noll
One of Plaintiff's Attorneys

Michael Zoldan; AZ Bar No. 028128 (*pro hac vice to be filed*)
Jason Barrat; AZ Bar No. 029086 (*pro hac vice to be filed*)
**ZOLDAN LAW GROUP, PLLC**
14500 N. Northsight Blvd.
Suite 213
Scottsdale, AZ 85260
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Kevin Noll; IL Bar No. 6313611
**FOOTE, MIELKE, CHAVEZ, & O'NEIL, LLC**
10 West State Street
Suite 200
Geneva, IL 60134
Tel: 630.232.7450
kpn@fmcolaw.com

Attorneys for Plaintiff

kpn@fmcolaw.com

Attorneys for Plaintiff

## VERIFICATION

Plaintiff Paul Hence declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, he believes them to be true.

Paul Hence

Subscribed and Sworn to

Before me this 27 day of July, 2016

Notary Public

